MEMORANDUM OPINION
{¶ 1} On November 22, 2006, appellant, Andrea Stern, filed a notice of appeal from an October 23, 2006 entry of the Geauga County Court of Common Pleas.
 {¶ 2} On December 14, 2006, appellee, Michael Stern, filed a motion to dismiss, the appeal. Subsequently, on February 23, 2007, appellee, Rochelle Solomon, filed a motion to dismiss. In their motions, appellees allege that appellant's appeal was untimely filed. Specifically, appellees posit that appellee Michael Stern filed a notice of dismissal of his counterclaim on October 6, 2006, and appellant did not file her appeal *Page 2 
until November 22, 2006, which was over thirty days after the final judgment. Thus, appellees claim that pursuant to App.R. 4(A), the appeal was untimely filed. Appellee Michael Stern states that the trial court signed the notice of dismissal and refiled it with the clerk's office on October 23, 2006, and thus, he presumes that appellant filed her notice of appeal from that date.
 {¶ 3} We note that dismissals under Civ.R. 41(A)(1)(a) are self-executing. Selker Furber v. Brightman (2000),138 Ohio App.3d 710, 714. Furthermore, these dismissals are fully and completely effectuated upon the filing of a notice of voluntary dismissal, and the mere filing of the notice of dismissal automatically terminates the case without intervention by the court. Id. Because a Civ.R. 41(A)(1)(a) dismissal is self-executing, "the trial court's discretion is not involved in deciding whether to recognize the dismissal." Id. Hence, when a Civ.R. 41(A)(1)(a) dismissal is filed, the time-stamped date on that document is controlling, not a subsequent court entry. SeeParker v. Cleveland Pub. Library, 8th Dist. No. 83666, 2004 WL 1902549,2004-Ohio-4492, at ¶ 16.
 {¶ 4} Here, appellee Michael Stern's time-stamped notice of dismissal of his counterclaim is dated October 6, 2006. The trial court was not required to issue a subsequent order as it did on October 23, 2006. In any event, even though the trial court did issue an entry on October 23, that order was a nullity since appellee Michael Stern voluntarily dismissed his counterclaim pursuant to Civ.R. 41(A)(1)(a) on October 6, 2006. Therefore, pursuant to App.R. 4(A), appellant had thirty days from that date to file her notice of appeal. *Page 3 
 {¶ 5} Appellant's notice of appeal, which was filed on November 22, 2006, was filed forty-seven days after the notice of dismissal was filed with the trial court. The notice of appeal was due on Monday, November 6, 2006, which was not a holiday or a weekend.
 {¶ 6} App.R. 4(A) states that:
 {¶ 7} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 8} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 9} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and theNotice of Appeal is deemed to be filed out of rule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App.R. 4(A)."
 {¶ 10} In the case at bar, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has appellant alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendell v. Adams Cty. Bd.of Elections (1988), 40 Ohio St.3d 58, 60; App.R. 14(B).
 {¶ 11} Accordingly, appellees' motions to dismiss the appeal are hereby granted. *Page 4 
 {¶ 12} Appeal dismissed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1