DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant/Cross-Appellee, Diana Price, appeals the judgment of the Summit County Court of Common Pleas that granted summary judgment to Defendant-Appellee/Cross-Appellant, Matco Tools ("Matco"). Matco cross-appeals the order that denied summary judgment in its favor on Appellant's claims of age and sex discrimination and retaliation. We reverse with respect to the appeal and the cross-appeal.
 I. *Page 2 {¶ 2} Appellant was employed by Matco in various positions from 1976-1978 and from 1981-2004. For the last five years of her employment, she held the position of trainer within Matco's customer service division. Until April 2004, Appellant received direct supervision from Issie Paonessa.
 {¶ 3} On April 2, 2004, Ms. Paonessa and Customer Services Supervisor David Hershberger met with Appellant and instituted a "Performance Improvement Plan" ("PIP") to address concerns with her job performance, including "confrontational" and "intimidating" behavior. As part of the PIP, a change of supervision was implemented to address confusion regarding the chain of supervision in the Customer Services division, specifying that "the trainer position reports directly to the Day supervisor and dotted line to the evening supervisor." Appellant left a voice mail message for Ms. Paonessa following this meeting. According to Ms. Paonessa's notes memorializing the message, Appellant complained that Matco's response was unfair in light of her years of service, compared her situation to that of another employee, and made one reference to discrimination without elaboration.
 {¶ 4} Shortly thereafter, Mr. Hershberger informed Appellant that her job duties would be adjusted to include answering customer service calls in light of increasing volume and decreasing customer satisfaction. On April 5, 2004, Appellant was discovered to have removed company-owned materials from the computer network without prior authorization. Two days later, Mr. Hershberger *Page 3 
instructed Appellant via electronic mail to answer customer service calls during a high-volume call period. Appellant responded via e-mail by arguing that she should not be required to do so and that the request was "unfair." Appellant then e-mailed Mr. Hershberger at 1:31 p.m. to inform him that she was leaving work due to a doctor's appointment, stating only that she had "serious personal problems." Appellant returned to work on April 12, 2004. In response to these incidents, Mr. Hershberger prepared a second PIP.
 {¶ 5} On April 21, 2004, again in response to a low level of customer satisfaction, Mr. Hershberger informed Appellant that she would be assigned to assist in answering customer service calls for the foreseeable future. On April 21, 2004, he informed Appellant that her working hours would be changed from 7:00 a.m. — 3:30 p.m. to 9:00 a.m. — 5:30 p.m., effective May 3, 2004. Other employees of all ages, both male and female, experienced similar schedule changes at various times.
 {¶ 6} Appellant did not report to work on April 26, 2004, and soon submitted paperwork requesting leave pursuant to the Family Medical Leave Act. Her physician provided an estimated return-to-work date of June 7, 2004. Human Resources Manager Jenifer Thomas received the paperwork. The proximity between Mr. Hershberger's request for Appellant to answer phones on April 7, 2004, and Appellant's sudden illness concerned Ms. Thomas. Accordingly, she determined that the circumstances warranted a second opinion *Page 4 
with respect to Appellant's FMLA certification and arranged a medical appointment through a third party not affiliated with Matco. On May 12, 2004, Ms. Thomas sent a letter to Appellant informing her that she was to appear for the medical appointment on May 18, 2004. Appellant neither responded to the correspondence nor appeared for the appointment. Instead, on May 24, 2004, she addressed a letter to Customer Services Director Greg Cochran alleging a pattern of discrimination.
 {¶ 7} Appellant returned to work early on June 1, 2004, unannounced and without return-to-work documentation from her physician. Ms. Thomas determined that she could not permit Appellant to return without the documentation and asked her to leave until it was provided. Appellant obtained the documentation and reported for work on June 7, 2004. Instead of reporting during her scheduled working hours, however, Appellant reported at her original starting time of 7:00 a.m. Appellant's employment with Matco terminated as of that date.
 {¶ 8} On October 5, 2004, Appellant filed claims against Matco and Greg Cochran, alleging age and gender discrimination and retaliation in violation of Ohio Revised Code Chapter 4112. Appellant dismissed all claims without prejudice on June 29, 2005, by notice pursuant to Civ.R. 41(A)(1)(a). On June 7, 2006, Appellant refiled her claims against both defendants. Matco and Cochran *Page 5 
moved for summary judgment on September 12, 2006, and Appellant responded in opposition on October 13, 2006.
 {¶ 9} Appellant's twenty-one page response to the motion for summary judgment included a cover page which bore the caption "Plaintiffs Opposition to Defendants' Motion for Summary Judgment." The cover page contained one paragraph of text as follows:
 "Now comes Plaintiff, by and through undersigned counsel, and hereby opposes defendants [sic] motion for summary judgment for the reasons set forth in the attached Memorandum in Opposition. Plaintiff will not pursue the claim against the individual defendant Greg Cochran or the public policy wrongful discharge claim and hereby moves to dismiss those claims[.]"
The trial court denied defendants' motion for summary judgment on October 23, 2006, concluding that genuine issues of fact precluded summary judgment, including whether Appellant was qualified for her position, whether Matco had a legitimate, nondiscriminatory reason for discharging her, and whether Matco treated Appellant less favorably than younger workers. In a footnote to that judgment entry, the trial court stated:
 "On October 13, 2006, the Plaintiff dismissed her claims against individual Defendant Greg Cochran. The Plaintiff also dismissed her claim for public policy wrongful discharge. Accordingly, and considering that he has now been dismissed, any arguments made by Greg Cochran are moot and will not be addressed herein. Further, any arguments with respect to a public policy wrongful discharge claim are moot and will not be addressed." (Internal citations omitted.) *Page 6 
 {¶ 10} On November 13, 2006, Matco moved for leave to file a second motion for summary judgment, arguing that plaintiff's October 13th filing triggered the "double dismissal" rule under Civ.R. 41(A) and subjected her remaining claims to dismissal based upon res judicata. In response, Appellant maintained that the language in her October 13th filing constituted a motion to dismiss pursuant to Civ.R. 41(A)(2), rather than a successive notice dismissal. On January 2, 2007, the trial court granted Matco's second motion for summary judgment with respect to all remaining claims.
 {¶ 11} Appellant timely appealed, raising one assignment of error. Matco cross-appealed pursuant to App.R. 3, raising six assignments of error.
 II. ASSIGNMENT OF ERROR I "The Trial Court Erred In Finding That Appellant/Cross-Appellee twice dismissed her claims against Appellees/Cross-Appellants pursuant to Civ.R. 41(A)(1)(a) resulting in an adjudication on the merits, as a matter of law."
 {¶ 12} In her sole assignment of error, Appellant maintains that the trial court erred by applying the "double dismissal" rule because the language of her October 13, 2006, filing constituted a motion to dismiss under Civ.R. 41(A)(2) rather than a notice of dismissal under Civ.R. 41(A)(1)(a). While we agree that the trial court erred in this respect, we reach an outcome different than that advocated by Appellant. *Page 7 
 {¶ 13} Civ.R. 41(A) provides three mechanisms for a plaintiff to voluntarily dismiss claims: (1) by notice of the plaintiff, requiring neither approval by the court nor consent of the opposing party, pursuant to Civ.R. 41(A)(1)(a); (2) by stipulation of all parties without approval of the court, pursuant to Civ.R. 41(A)(1)(b); and (3) by motion of the plaintiff pursuant to Civ.R. 41(A)(2). Olynyk v.Scoles, 114 Ohio St.3d 56, 2007-Ohio-2878, at ¶ 9. A plaintiff cannot pursue successive unilateral dismissals without consequence, however:
 "It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action." (Internal citations omitted.) Id. at ¶ 10.
Because only notices of dismissal as permitted by Civ.R. 41(A)(1)(a) are truly unilateral, application of the double dismissal rule is limited to successive dismissals by notice of the plaintiff. Id. at ¶ 26, 31.
 {¶ 14} In this case, the trial court's decision rests on its characterization of Appellant's October 13, 2006, filing as a notice of dismissal rather than a motion to dismiss because, consistent withOlynyk, only successive notices of dismissal trigger the double dismissal rule. Appellant, seeking to avoid application of res judicata, characterizes the filing as a motion under Civ.R. 41(A)(2). *Page 8 
 {¶ 15} Notice dismissals are unilateral and self-executing, requiring neither agreement between the parties nor further action on the part of the trial court to effect dismissal. See Stern v. Stern, 11th Dist. No. 2006-G-2743, 2007-Ohio-3473, at ¶ 3. Consequently, the intention of a plaintiff to dismiss by notice must be clear from the form and content of the document.
 {¶ 16} This Court has concluded that no single factor is determinative with respect to whether a pleading constitutes a unilateral notice of dismissal pursuant to Civ.R. 41(A)(1)(a) or a motion to dismiss pursuant to Civ.R. 41(A)(2). Oldham v. Bourn (Dec. 6, 2000), 9th Dist. No. 20090, at *2. Consequently, in cases in which a distinct pleading could be construed as one or the other of the two, we consider factors such as "the title of the document, the language employed and the existence and placement of signature lines." Id. When the very form of the document obscures the plaintiff's intentions, however, it falls short of the level of clarity necessary to put the court on notice that a self-executing dismissal has been filed.
 {¶ 17} The facts of this case illustrate the necessity of the rule. Appellant did not file a separate document "dismissing" her individual and public policy claims, but included language purporting to do so within a responsive pleading. Were this to be considered effective notice for purposes of Civ.R. 41(A)(1)(a), courts would be in the tenuous position of considering a single document to be both self-executing and responsive. Further compounding the confusion is the fact *Page 9 
that Appellant's intention not to pursue these claims is clearly expressed, yet coupled with a request for the court to act in order to effectuate dismissal. In this situation, we conclude that Appellant's intention to dismiss by notice was not sufficiently clear from the form and content of the document.
 {¶ 18} Neither, however, can this language be construed as a motion to dismiss pursuant to Civ.R. 41(A)(2). Civ.R. 7(B) requires that motions "state with particularity the grounds therefor, and * * * set forth the relief or order sought." This court has applied Civ.R. 7(B) in conjunction with Civ.R. 41(A), concluding that a motion to dismiss pursuant to Civ.R. 41(A)(2) must state with particularity the basis for dismissal. Hawkins v. InnovativeProperty Mgt., 9th Dist. No. 23122, 2006-Ohio-6153, at ¶ 10. A motion must be separately stated, and a "passing request" for relief contained in the body of an unrelated pleading is not cognizable. See White v. Roch, 9th Dist. No. 22239, 2005-Ohio-1127, at ¶ 8.
 {¶ 19} Appellant's October 13, 2006, filing is at best unskillfully drafted; at worst, it falls far short of the requirements of Civ.R. 7(B). There is nothing in the caption of this document indicating that Appellant sought relief from the trial court on any basis. Instead, the language at issue in this case is inserted in the body of Appellant's introduction to her brief in opposition to Matco's motion for summary judgment. We are not inclined to construe a miscaptioned pleading that fails to meet the specificity requirements of Civ.R. 7(B) as a cognizable motion to dismiss under Civ.R. 41(A)(2). See Galmish v.Cicchini, 5th Dist. Nos. 2001 CA 00247, *Page 10 
2001 CA 00267, 2002-Ohio-3595, at ¶ 11. Appellant had the burden to state the basis for her "motion" with particularity, and this court must not "allow her to benefit from her own mistake." Hawkins at ¶ 10. Under these circumstances, we cannot construe Appellant's language as a motion to dismiss her claims pursuant to Civ.R. 41(A)(2).
 {¶ 20} The document upon which the determination of this assignment of error rests is insufficient to constitute either a notice of dismissal or a motion to dismiss. It is, therefore, a nullity, and the trial court erred to the extent that it considered plaintiffs filing to contain a unilateral notice of dismissal. Appellant's assignment of error is sustained.
 III. CROSS-ASSIGNMENT OF ERROR I "The trial court correctly held that plaintiff twice voluntarily dismissed her discrimination, retaliation, and tortious "public policy" claims brought against Gregory Cochran, thereby resulting in a [sic] "adjudication upon the merits" under Ohio R.Civ.P. 41(A)(1)."
 {¶ 21} Matco's first cross-assignment of error recapitulates its response to Appellant's assignment of error and is rendered moot by the above disposition. See App.R. 12(A).
 CROSS-ASSIGNMENT OF ERROR II "The trial court incorrectly held that an employee could establish a prima facie inference of sexual discrimination where, following the worker's termination of employment, her tasks and duties were at first assumed by an existing, female co-worker, and where the *Page 11 
subsequent, newly-hired replacement for the employee was herself female."
 CROSS-ASSIGNMENT OF ERROR III "The trial court incorrectly held that an employee could establish a prima facie inference of age discrimination where, following the worker's termination of employment, her tasks and duties were first offered to an applicant who was the same 46 years [of] age as plaintiff, and where two of the three discharge decision-makers were much older than the plaintiff."
 CROSS-ASSIGNMENT OF ERROR IV "The trial court incorrectly held that an employee could establish a prima facie inference of Ohio Rev. Code §§ 4112 retaliation where one of the discharged [sic] decision-makers knew nothing of employee's purported engagement inarguably [sic] `protected activity', and where there was a two-month gap between such arguably `protected activity', and the employee's termination from employment."
 CROSS-ASSIGNMENT OF ERROR V "The trial court incorrectly held that plaintiff had generated genuine issues of material fact that her discharge from employment was due, in part, to her female gender, 46 years of age, or having engaged Ohio Rev. Code §§ 4112 protected conduct."
 {¶ 22} In its second, third, fourth, and fifth cross-assignments of error, asserted pursuant to App.R. 3(C)(1), Matco maintains that the trial court should have granted summary judgment in its favor because there are no genuine issues of material fact and, as a matter of law, Appellant failed to state a prima facie case of sex or age discrimination and retaliation. We agree. *Page 12 
 A. Summary Judgment Standard {¶ 23} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant nonetheless. Horton v. Harwich Chem. Corp. (1995),73 Ohio St.3d 679, 686-87.
 {¶ 24} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1998), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ.R. 56(E), which demonstrate that there is a genuine issue for trial. Byrd v. Smith, 110 Ohio St.3d 24,2006-Ohio-3455, at ¶ 10.
 {¶ 25} A disputed fact is material if it is an essential element of the claim as determined by the applicable substantive law — one which might affect the *Page 13 
outcome of the litigation. Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248; Burkes v. Stidham (1995), 107 Ohio App.3d 363, 371. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which they have the burden of proof." Modzelewski v. Yellow Freight Systems,Inc., 151 Ohio App.3d 666, 2003-Ohio-827, at ¶ 11, citing Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323.
 {¶ 26} In this case, the trial court determined that genuine issues of material fact with respect to Appellant's prima facie case of sex and age discrimination and retaliation precluded summary judgment. Specifically, the trial court found that there were genuine issues of material fact regarding whether Appellant was qualified for her position; whether she was subjected to less favorable treatment than male and/or younger employees; and whether Appellant was replaced (or her termination permitted the retention of) male and/or younger employees. The trial court also found genuine issues of fact regarding Matco's stated nondiscriminatory justification for Appellant's discharge, including whether Matco actually terminated her employment for disciplinary reasons.
 {¶ 27} We disagree with the trial court's resolution of this case and conclude that Appellant failed to present any evidence with respect to essential *Page 14 
elements of her claims. As a result, we conclude that summary judgment should have been entered in favor of Matco on each of plaintiffs claims as a matter of law.
 B. Individual and Public Policy Claims {¶ 28} Appellant also alleged individual claims of discrimination and retaliation against Greg Cochran and asserted claims of wrongful discharge in violation of public policy against Matco and Cochran. Matco and Cochran met their evidentiary burden under Civ.R. 56 of demonstrating from the record that there were no genuine issues of material fact with respect to Appellant's claims. As discussed above, Appellant's purported dismissal of those claims was a nullity which left her with no response to the motion for summary judgment filed by Matco and Cochran. Appellant having failed to meet her reciprocal burden under Civ.R. 56, Matco and Cochran were entitled to summary judgment on those claims. See Baker v. Fish (Dec. 6, 2000), 9th Dist. No. 19912, at *5.
 C. Sex and Age Discrimination Claims {¶ 29} R.C. 4112.02(A) prohibits discrimination because of sex and age "with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." Where the terms of the statutes are consistent, Ohio courts apply federal case law interpreting Title VII of *Page 15 
the Civil Rights Act of 1964 to claims arising under R.C. Chapter 4112.Genaro v. Cent. Transport, Inc. (1999), 84 Ohio St.3d 293, 298, citingPlumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. RightsComm. (1981), 66 Ohio St. 2d 192, 196.
 {¶ 30} In the absence of direct evidence of discrimination, a plaintiff alleging sex discrimination must establish a prima facie case using indirect evidence, by demonstrating (1) that she is a member of a protected class; (2) that she was qualified for the position in question; (3) that she suffered an adverse employment action despite her qualifications; and (4) that she was treated less favorably than a similarly situated male employee. Barnett v. Dept. of VeteransAffairs (C.A.6 1998), 153 F.3d 338, 341. An employee alleging age discrimination must produce evidence meeting the first three elements of this prima facie case, but with respect to the final element must demonstrate that she "was replaced by, or the discharge permitted the retention of, a person of substantially younger age." Coryell v. BankOne Trust Co. N.A., 101 Ohio St.3d 175, 2004-Ohio-723, at paragraph one of the syllabus.
 {¶ 31} If the plaintiff successfully establishes a prima facie case of sex or age discrimination, the employer must articulate a legitimate, nondiscriminatory justification for the employment action. See TexasDept. of Community Affairs v. Burdine (1981), 450 U.S. 248, 253. The plaintiff may then prove by a preponderance of the evidence that the justification articulated by the employer is *Page 16 
a pretext for discrimination. Id. At all times, however, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains with the plaintiff. Id. The cornerstone of this analysis is whether employment action is the result of discrimination — not merely whether the action is unfair or the justification questionable. See Atkinson v. Internatl. Technegroup,Inc. (1995), 106 Ohio App.3d 349, 358-59. Unfair treatment in general, while unpalatable, does not constitute discrimination "because of a prohibited factor within the meaning of R.C. 4112.02(A). See, e.g.,Giambrone v. Spalding and Evenflo Co., Inc. (Apr. 18, 1997), 2nd Dist. No. 96CA08, at *8.
 {¶ 32} The parties do not dispute that Appellant is a female over the age of forty who was qualified for her position. It is also undisputed that Appellant's employment was terminated on June 7, 2007. Appellant failed to establish a prima facie case of sex and age discrimination, however, because she did not produce evidence indicating that Matco treated similarly situated males more favorably than her or replaced her with a substantially younger individual.
 {¶ 33} Appellant maintains that cumulative circumstantial evidence of ageist and sexist attitudes in the workplace is tantamount to a prima facie case of age and sex discrimination. Specifically, she alleges that supervisory employees frequently engaged in gender and age-related joking and that new hires and *Page 17 
promotions were dominated by a cadre of younger male workers. Vague generalities, however, will not establish a prima facie case of discrimination.[1] Regardless, the evidence actually submitted on summary judgment undermined Appellant's position. Appellant could not recall any specific examples of age and gender-related banter among the decisionmakers in this case. Instead, Appellant relied on the supposition that such conduct must have occurred. With respect to Mr. Hershberger, for example, Appellant stated, "I can't swear to it. My gut feeling is yes, because everybody sits around and tells jokes and jokes around and says stuff." Similarly, Appellant could not identify specific instances in which the management decision to move forward on a suggestion made by a male colleague could be attributed to gender bias.
 {¶ 34} Appellant also alleged that younger male workers were employed and promoted at a higher rate than older female workers. When pressed for specifics, however, Appellant acknowledged that her real complaint is that Matco required progress toward a college degree for promotional opportunities — a degree which Appellant had not obtained, notwithstanding the fact that Matco provides *Page 18 
educational benefits to its employees. Appellant produced no evidence that this requirement is applied unequally to males and females and conceded that she had no knowledge of the relative ages and genders of those in the applicant pool for supervisory positions. Issie Paonessa, Appellant's direct supervisor for many years, explained that this requirement is applied across-the-board and would limit her own opportunities for advancement as well.
 {¶ 35} Similarly, Appellant did not state a prima facie case of age discrimination because she did not produce evidence demonstrating that she was replaced by or that her termination permitted the retention of a substantially younger worker. The undisputed evidence before the trial court, to the contrary, established that Matco did not fill Appellant's position until August 1, 2005, over one full year after her employment with Matco terminated. This ultimate hiring decision does not constitute a replacement for purposes of establishing a prima facie case of age discrimination in violation of R.C. 4112.02. "A person is `replaced' only when another employee is hired or reassigned to perform that person's duties. A person is not replaced when another employee is assigned to perform the plaintiffs duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." Atkinson, 106 Ohio App.3d at 359, citingBarnes v. GenCorp, Inc. (C.A.6, 1990), 896 F.2d 1457, 1465, certiorari denied (1990), 498 U.S. 878. *Page 19 
 {¶ 36} Even to the extent that Appellant could be considered to have been replaced following her termination, her duties were assumed by Ms. Paonessa, a female aged approximately fifty-nine years, in addition to her own responsibilities. Nor is Appellant's prima facie case bolstered by consideration of the facts that ultimately surrounded filling her position. Of those who were considered for Appellant's position, a majority of those rejected from the applicant pool without interview were substantially younger males. The candidate to whom Matco made its first offer of employment was a male, whose approximate age was forty-six years. When this candidate declined the offer, Matco extended an offer of employment to a female aged twenty-six years.
 {¶ 37} Viewing the evidence in the light most favorable to Appellant, it is apparent that she has failed to produce evidence that similarly-situated male employees received better treatment than she, an essential element of her claim. Because Appellant did not establish a prima facie case of sex discrimination, summary judgment should have been granted to Matco as a matter of law. Appellant also failed to establish the fourth element of a prima facie case of age discrimination — that her termination permitted the retention of or that she was replaced by a substantially younger employee. Summary judgment, therefore, should also have been granted to Matco on Appellant's claim of age discrimination as a matter of law. *Page 20 
 D. Retaliation Claim {¶ 38} Retaliation is prohibited by R.C. 4112.02(I):
 "It shall be an unlawful discriminatory practice *** [f] or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."
In order to establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that she engaged in protected activity; (2) that the employer knew of her exercise of protected rights; (3) that she was the subject of adverse employment action; and (4) that there is a causal link between the protected activity and the adverse employment action.Balmer v. HCA, Inc. (C.A.6 2005), 423 F.3d 606, 614.
 {¶ 39} With respect to the final element, a plaintiff must produce evidence which permits the inference that apart from the protected activity, the adverse action would not have been taken. Nguyen v. Cityof Cleveland (C.A.6 2000), 229 F.3d 559, 563. This determination is made with reference to the surrounding circumstances, including "evidence that defendant treated the plaintiff differently from similarly situated employees or that the adverse action was taken shortly after the plaintiffs exercise of protected rights[.]" Id. at 563. Standing alone, however, temporal proximity does not establish the requisite connection, and this is particularly true when the evidence demonstrates intervening performance *Page 21 
concerns. Id. at 566-67, citing Cooper v. City of North Olmsted (C.A.6 1986), 795 F.2d 1265, 1272 and Parnell v. West (C.A.6 1997), Case No. 95-2131, at *3.
 {¶ 40} The trial court determined that there were genuine issues of material fact regarding each element of Appellant's prima facie case of retaliation. As we concluded with respect to Appellant's claims of sex and age discrimination, however, we conclude that Appellant failed to produce evidence on essential elements of her retaliation claim and that Matco is entitled to summary judgment as a matter of law.
 {¶ 41} As evidence of protected activity, Appellant points to the voice mail message directed to Ms. Paonessa on April 2, 2004, following a supervisory counseling meeting with Ms. Paonessa and Mr. Hershberger during which she was issued the first of two "Performance Improvement Plans." She also identifies a letter to Greg Cochran, Matco's Customer Service Director, dated May 24, 2004, in which she protested Matco's determination to seek a second opinion regarding certification of leave pursuant to the provisions of the Family Medical Leave Act. Appellant alleges that Matco retaliated against her by requiring a second certification of FMLA leave and by subjecting her to a pattern of disingenuous discipline that lead, ultimately, to her termination.
 {¶ 42} Appellant's request for FMLA leave was processed by Jenifer Thomas, Manager of Human Resources. Neither Mr. Hershberger nor Ms. Paonessa was involved in this decision. Ms. Thomas testified that she was *Page 22 
generally aware of recent performance concerns surrounding Appellant's employment and that she reviewed the Performance Improvement Plans prepared by Ms. Paonessa and Mr. Hershberger. There is no evidence, however, that she had knowledge of prior complaints of discrimination by Appellant at the time that she requested the second opinion. This is borne out by the facts established in the record — namely, that Appellant alleges to have left a voice mail directly for Ms. Paonessa on April 2, 2004; that Ms. Thomas requested the second certification opinion on May 12, 2004; and that Appellant's written complaint to Greg Cochran was dated May 24, 2004. This timeline demonstrates that the request for a second opinion was made by Ms. Thomas before she had any knowledge of Appellant's complaint, and Appellant has presented no evidence to the contrary. Because Appellant did not present any evidence tending to establish the second element of her prima facie case with regard to the second opinion request, this portion of her claim fails as a matter of law.
 {¶ 43} Appellant's claim with respect to her discipline and ultimate termination fails as well. The thrust of Appellant's argument is that following her voicemail to Ms. Paonessa, Matco placed her in a position in which she would be systematically disciplined and forced out of her position, by termination or otherwise. Appellant places the blame on Mr. Hershberger, who complained about Appellant's unprofessional conduct in March 2004, and under whose supervision she was subsequently placed. According to Appellant's theory of the *Page 23 
case, Mr. Hershberger instigated the pattern of retaliation by subjecting her to a PIP. There is no evidence, however, that Mr. Hershberger knew of either Appellant's voice mail message to Ms. Paonessa of April 2nd or her written complaint to Mr. Cochran of May 24th.
 {¶ 44} Even were we to conclude that Appellant established the first three prongs of a prima facie case of retaliation with respect to her letter of May 24th and the ultimate termination of her employment, her claims fail as a matter of law because she has not established the fourth, critical element: a proximate relationship between the protected activity and the adverse employment action. "To establish a causal connection between an employee's protected conduct and an adverse action by an employer, an employee must produce evidence `sufficient to raise the inference that [her] protected activity was the likely reason for the adverse action.' In other words, some nexus must be demonstrated by the evidence, not merely suggested by the proximity of the events."Eisman v. Clark Cty. Dept. of Human Servs., 2nd Dist. No. 02CA0031, 2002-Ohio-6781, at ¶ 31, quoting Zanders v. Natl. R.R. Passenger Co. (C.A.6 1990), 898 F.2d 1127, 1135.
 {¶ 45} Appellant's only evidence that connects her ultimate termination to her protected activity is the proximity between the two events. This proximity is itself made tenuous by the fact that Appellant's decision to disregard Matco's request for a second FMLA certification opinion immediately precipitated her complaint. In addition, to conclude that this proximity alone is sufficient to *Page 24 
establish a prima facie case of retaliation would disregard the pattern of discipline both before and after Appellant's complaint. Many employees complain of unfair treatment in the midst of disciplinary action. The conclusion that this, standing alone, raises the specter of retaliation would bind employers in a legal straightjacket and require this court to assume the position of a "`super-personnel department that re-examines an entity's business decisions.'" Shepard v. Griffin Servs.,Inc. (May 10, 2002), 2nd Dist. No. 19032, at *6, quoting Barbour v.Browner (C .A.D. C. 1999), 181 F.3d 1342, 1346.
 {¶ 46} Accordingly, we conclude that Appellant failed to produce evidence establishing a prima facie case of retaliation and that Matco is entitled to judgment as a matter of law.
 {¶ 47} Matco's second, third, fourth, and fifth cross-assignments of error are sustained.
 CROSS-ASSIGNMENT OF ERROR VI "The trial court erred in holding that plaintiff had generated genuine issues of material fact that the articulated basis for plaintiff's termination from employment was pretextual."
 {¶ 48} Matco's sixth assignment of error is rendered moot by our disposition of its second, third, fourth, and fifth assignments of error. See App.R. 12(A). *Page 25 
 IV. {¶ 49} Appellant's assignment of error is sustained. Matco's second, third, fourth, and fifth cross-assignments of error are sustained, and Matco's remaining assignments of error are moot. The judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
[1] Appellant pointed to evidence of the type that might be marshaled in support of hostile work environment claims. Indeed, in her response to Matco's motion for summary judgment, Appellant maintained that she was also subjected to a hostile work environment because of her age and sex. She did not plead a claim of hostile work environment discrimination in her complaint, however, and it was not addressed by the trial court in its ruling on Matco's motion for summary judgment. Appellant has not reiterated these arguments on appeal. As such, they are not before this court. *Page 26 
DICKINSON, J. CONCURS