CONCURS IN JUDGMENT ONLY, SAYING:
 {¶ 25} I agree with the result reached by the majority and join in the majority opinion with respect to Mr. Williams' claim for constructive discharge. With respect to his claim for race discrimination, however, I would reverse the judgment of the trial court on a different basis. I agree that race need only be a factor in an employer's decision, rather than the exclusive motivation. Nonetheless, R.C. 4112.02(A) forbids discrimination "because of race. As this Court has explained:
 "At all times * * * `the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains with the plaintiff. The cornerstone of this analysis is whether employment action is the result of discrimination — not merely whether the action is unfair or the justification questionable. Unfair treatment in general, while unpalatable, does not constitute discrimination `because of a prohibited factor within the meaning of R.C. 4112.02(A)." (Internal citations omitted.) Price v. Matco Tools, Inc., 9th Dist. No. 23583, 2007-Ohio-5116, at ¶ 31, citing Texas Dept. of Community Affairs v. Burdine
(1981), 450 U.S. 248, 253.
I do not believe that the trial court's judgment, while perhaps inartfully stated, requires that race be the exclusive factor in this determination. It seems to me that the trial court recognized that Mr. Williams — a felon four times over, in whose opinion leaving a job to seek better opportunities is an appropriate euphemism for being fired for misconduct — established no connection between the allegedly adverse employment action of which he complained and his race. This is entirely *Page 12 
appropriate, and had the trial court used the phrase "because of rather than "based on," it would merely have been quoting the language of R.C.4112.02.
 {¶ 26} Nonetheless, I am compelled to concur in the majority's judgment based on the record before this Court. The basis of Spitzer's motion for judgment notwithstanding the verdict, which is not contained in the record provided to this Court on appeal, appears to have been inconsistency between the jury's responses to interrogatory number two with respect to his race discrimination claim alleging a hostile work environment and judgment for Mr. Williams on Count Two, his claim for racial discrimination premised on disparate impact. The trial court's decision that these results were inconsistent is incorrect. A plaintiff may allege discrimination in violation of R.C. 4112.02 on the basis of both hostile work environment and disparate impact and may assert a different basis for each claim.
 {¶ 27} This is what Mr. Williams chose to do. In support of his hostile work environment claim, he alleged a racially-charged atmosphere that included placement of an offensive object on his desk and the use of a racial epithet during a heated argument with a manager. With respect to this claim and this evidence, the jury concluded that Mr. Williams did not establish unwelcome conduct based on his race. So-called disparate impact claims, when proved by either direct or indirect evidence, require different proof than hostile work environment claims, and Mr. Williams alleged different facts in support of that claim. Specifically, he noted, as examples of adverse employment action, four instances of employee *Page 13 
discipline that he received on one day; unfair alterations to his "wash sheets" that reduced his commissions; and that Spitzer assigned him "demo" cars that were inferior to those assigned to his white counterparts.
 {¶ 28} Because these claims required different proof and were premised on different allegations against Spitzer, the conclusion that Spitzer did not create a hostile work environment based on Mr. Williams' race is not inconsistent with the conclusion that Mr. Williams proved his disparate impact claim. The trial court's conclusion to the contrary is incorrect, and I would reverse its decision granting judgment notwithstanding the verdict to Spitzer on that limited basis. *Page 1