SELKER & FURBER, et al., Appellees,

v.

BRIGHTMAN, et al., Appellants.

[Cite as *Selker & Furber v. Brightman* (2000), 138 Ohio App.3d 710.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76541.

Decided July 31, 2000.

*Charles Gruenspan,* for appellees.

*Morganstern, MacAdams & DeVito Co., L.P.A.,* and *Michael A. Partlow,* for appellants.

---

JAMES D. SWEENEY, Judge.

Defendant-appellant Gloria G. Brightman appeals from the order of May 27, 1999, which granted defendant Carl Gulla's motion for relief from judgment pursuant to Civ.R. 60(B)(1), thereby reinstating Gulla's cross-claim. For the reasons adduced below, we reverse.

A review of the record on appeal indicates that the underlying complaint in foreclosure on three parcels of land (permanent parcel Nos. 545–26–025, 525–26–026, and 525–26–027) was filed on February 10, 1997, by plaintiffs Selker & Furber, a legal partnership, and Robert J. Porter, III, an architect. The defendants were Brightman and Francis Gaul, the treasurer of Cuyahoga County. Plaintiffs asserted judgment liens against Brightman stemming from professional services rendered to Brightman, and sought to have the parcels sold and the proceeds applied to the satisfaction of the judgment liens.

The county treasurer answered and filed a cross-claim on February 27, 1997, against Brightman for a lien representing any unpaid real estate taxes and assessments due the county should the properties be foreclosed and ordered sold.

With leave of court, Brightman filed her answer to the complaint on April 25, 1997.

On August 25, 1998, plaintiffs filed a motion for summary judgment and a preliminary judicial title report.

On October 24, 1998, with leave of court, Brightman filed her unsupported brief in opposition to summary judgment.

On November 2, 1998, Carl Gulla, an engineer, filed: (1) a motion to intervene as a new-party defendant in order to assert a cross-claim against Brightman alleging an unsatisfied $10,000 judgment lien from October 17, 1997, rendered in Garfield Heights Municipal Court case No. 97CVF00336, and (2) a brief in opposition to summary judgment. Brightman filed a brief in opposition to intervention on November 17, 1998.

The record next indicates that on November 18, 1998, plaintiffs filed a notice of voluntary dismissal, with prejudice, pursuant to Civ.R. 41(A)(1)(a).

On December 14, 1998, the trial court, using a series of half-sheet status form entries, ordered the following: (1) granted Gulla's motion to intervene and deemed Gulla's answer and cross-claim as having been filed on November 2, 1998, (2) denied the motion for summary judgment as moot because the complaint had been dismissed, (3) noted (erroneously) that the complaint had been dismissed without prejudice, and ordered the remaining defendants to file a notice of intent to proceed within twenty days of the date of that order, and (4) stated that "[P]ursuant to the notice of dismissal filed on 11–18–98, the complaint of plaintiff is dismissed without prejudice. PARTIAL."

On December 17, 1998, Brightman filed a supplemental brief in opposition to Gulla's motion to intervene.

On January 15, 1999, the magistrate, noting that the remaining claims have been dismissed by the court, canceled the scheduled pretrial set for February 10, 1999. The trial court, on January 21, 1999, ordered that, "[P]ursuant to the Court's order of 12–14–98, the remaining claims are dismissed without prejudice. FINAL."

On February 23, 1999, Gulla filed his motion for summary judgment with evidentiary support. On March 29, 1999, the trial court stated, "[I]namuch [sic] as the case has been dismissed, the motion for summary judgment of defendant Carl Gulla—filed on 2–23–99—is denied as moot."

On May 11, 1999, Gulla filed his motion for relief from the judgment of March 29, 1999, pursuant to Civ.R. 60(B)(1), alleging that,

"[T]he judgment came as a surprise due to lack of notice of the court's previous ruling of December 14, 1998, which stated, remaining claimants must file a notice of intent to proceed within 20 days of the date of this order. In the alternative, Gulla claims excusable neglect."

This motion for relief from judgment contained no evidentiary support for the allegations presented in the argument therein.

On May 24, 1999, Brightman filed a motion for leave until June 10, 1999, to file a brief in opposition to relief from judgment.[1]

On May 27, 1999, the trial court entered the following order using a half-sheet status form entry:

"The unopposed motion of defendant Carl Gulla for relief from judgment is granted. The Court's order of 1–21–99 located at Civil Journal Vol. 2301 page 290 is vacated and the case is reinstated to the active docket on the cross-claims of defendant Gulla. The case is referred to the Magistrates for further proceedings."

Brightman filed her notice of appeal on June 8, 1999, from the order granting relief from judgment.

Brightman presents four assignments of error for review.[2] These assignments will be addressed jointly because they each argue the applicability of Civ.R. 60(B).

I

"The trial court abused its discretion in granting the appellee's motion for relief from judgment pursuant to Civ.R. 60(B) because said motion was deficient on its face."

II

"The trial court erred in granting the appellee's motion for relief from judgment pursuant to Civ.R. 60(B) because the court did so under the mistaken impression that said motion was unopposed, when in fact, the appellant had filed a motion for leave to plead on said motion, and the appellant suffered prejudice as a result."

III

"The trial court erred by failing to conduct an evidentiary hearing prior to ruling on the appellee's motion for relief from judgment pursuant to Civ.R. 60(B)."

---

1. This motion was overruled as moot on July 6, 1999, approximately six weeks following the granting of relief from judgment.

2. No appellees brief was filed.

## IV

"The trial court erred by granting the appellee's motion for relief from judgment because the case had been dismissed prior to its filing, thereby removing the matter from the jurisdiction of the court and rendering the appellee's motion for relief from judgment moot."

We find the fourth assignment of error to be dispositive.

The record reflects that Gulla filed his motion to intervene on November 2, 1998. On November 18, 1998, plaintiffs filed a voluntary notice of dismissal, with prejudice, pursuant to Civ.R. 41(A)(1)(a). At the time of the filing of this dismissal the motion to intervene had yet to be ruled upon; the ruling granting intervention did not occur until December 14, 1998, approximately one month after the filing of the voluntary notice of dismissal.

It is axiomatic that, "Dismissals pursuant to Civ.R. 41(A)(1) are fully and completely effectuated upon filing of the notice of voluntary dismissal by the plaintiff. In other words, the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court." *Payton v. Rehberg* (1997), 119 Ohio App.3d 183, 192, 694 N.E.2d 1379, 1384.

Such a voluntary dismissal is self-executing. *Id.* Citing *Andrews v. Sajar Plastics, Inc.* (1994), 98 Ohio App.3d 61, 66, 647 N.E.2d 854, 857. Being self-executing, the trial court's discretion is not involved in deciding whether to recognize the dismissal. Hence, the trial court's subsequent status form entry of December 14, 1998, dismissing the plaintiff's complaint, was of no effect with regard to the plaintiffs' voluntary dismissal. It was merely an internal ministerial act of housekeeping by the trial court recognizing what had already occurred.

Applying this case law to the case sub judice, it is apparent that the action terminated upon the filing of the November 18, 1998 notice of voluntary dismissal. The cross-claim by the county treasurer was moot at that point because there could be no order of sale regarding the parcels. Subsequent to the filing of the notice of dismissal there was no action in which Gulla could intervene, depriving the trial court of jurisdiction. Thus, the trial court had no jurisdiction with which to (1) grant intervention to Gulla, (2) dismiss the action on January 21, 1999 for failure of the parties to file a notice of intent to proceed within twenty days of December 14, 1998, and (3) grant relief to Gulla from that court ordered dismissal of January 21, 1999. Orders subsequent to the notice of voluntary dismissal are void under the facts of this case.

The fourth assignment of error is sustained. The remaining assignments are moot. See App.R. 12(A)(1)(c).

*Judgment reversed.*

O'DONNELL, P.J., and SPELLACY, J., concur.