JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff appeals the trial court's granting defendant, The Cleveland Public Library's ("Library") motion to dismiss.
 {¶ 2} Plaintiff, a service repair man, was injured while working at the Library's premises on February 28, 2000. Plaintiff sustained injuries to his hand while performing repair work on an overhead garage door opener at the Library.
 {¶ 3} Plaintiff filed suit against the Library. That case was voluntarily dismissed by plaintiff without prejudice. When plaintiff re-filed his complaint, the Library moved to dismiss it arguing it was barred by the two-year statute of limitations. After the trial court granted the Library's motion to dismiss, plaintiff filed this timely appeal. He asserts one assignment of error:
 {¶ 4} The trial court erred as a matter of law in granting defendant-appellee's motion to dismiss on the issue of whether appellant failed to re-file his complaint within the time period prescribed by ohio revised code, section 2305.19 (Ohio's savings statute). [Judgment Entry of Sept. 30, 2003.]
 {¶ 5} Plaintiff argues his re-filed complaint was timely filed within the applicable statute of limitations under Ohio's savings statute.
 {¶ 6} The statute of limitations relevant in this case is R.C. 2305.10 which provides, in pertinent part:
 {¶ 7} An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.
 {¶ 8} Plaintiff filed suit against the Library on April 27, 2000, well within the two-year limitations period. On April 25, 2002, however, plaintiff voluntarily dismissed his suit without prejudice pursuant to Civ.R. 41(A)(1)(a).[1] Plaintiff's dismissal occurred approximately two months after the two-year statute expired.[2]
 {¶ 9} On May 6, 2002, ten days after plaintiff's voluntary dismissal, the trial court put on an entry acknowledging that dismissal. That entry states as follows:
 {¶ 10} 05/06/2002 P JE Pltf's Notice of dismissal pursuant to Rule 41(A)(1). Final. W/O Prej. final. Vol 2742 PG 734. Notice issued. court cost assessed to the plaintiff(s).
 {¶ 11} Plaintiff refiled his complaint on May 5, 2003. According to plaintiff, that complaint should not have been dismissed because the court's May 6th entry determines the timeliness of its filing under Ohio's savings statute.
 {¶ 12} Ohio's savings statute, R.C. 2305.19, provides, in pertinent part:
 {¶ 13} In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.
 {¶ 14} The savings statute applies only to actions dismissed after the applicable statute of limitations has run. Reese v.Ohio State Univ. Hosp. (1983), 6 Ohio St.3d 162, 163,451 N.E.2d 1196.
 {¶ 15} In the case at bar, plaintiff's voluntary dismissal falls under the savings statute because the two-year limitations period had already expired. He further argues he had one year after the court's May 6th entry within which to re-file his complaint. He adds that because May 5, 2003, is within the one-year period specified by the savings statute, his re-filed complaint is timely. Plaintiff also argues that even though he voluntarily dismissed the case on April 25th, the court's May 6th entry created an ambiguity as to which date triggers the statute of limitations. We disagree. We reject this argument because of the "self-executing" effect of a Civ.R. 41(A)(1) voluntary dismissal. Selker Furber (2000),138 Ohio App.3d 710, 714, 742 N.E.2d 203.
 {¶ 16} Dismissals pursuant to Civ.R. 41(A)(1) are fully and completely effectuated upon the filing of a notice of voluntary dismissal by the plaintiff. A voluntary dismissal is self-executing and "the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court." Payton v. Rehberg (Cuyahoga, 1997),119 Ohio App.3d 183, 192, 694 N.E.2d 1379. Since a Civ.R. 41(A)(1)(a) dismissal is self-executing, "the trial court's discretion is not involved in deciding whether to recognize the dismissal." Selker Furber, supra. Moreover, when a Civ.R. 41(A)(1)(a) dismissal is filed, the time-stamped date on that document is controlling, not a subsequent court entry. SeeBlankenship v. CRT Tree, Cuyahoga App. No. 80907, 2002-Ohio-5354. Nor can the court's subsequent actions affect a self-executing dismissal.
 {¶ 17} In the instant case, plaintiff's time-stamped notice of voluntary dismissal is dated April 25, 2002. Under the savings statute plaintiff had until April 26, 2003 to timely re-file his complaint. Because the complaint was not filed until May 6, 2003, one year and ten days beyond the time frame required by the savings statute, it was untimely. Accordingly, the trial court did not err in granting the Library's motion to dismiss plaintiff's complaint. Plaintiff's sole assignment of error is overruled.
Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Rocco, J., concur.
[1] Civ.R. 41(A)(1)(a) provides that an action may be dismissed by a plaintiff without order of the court by filing a notice of dismissal at any time before the commencement of trial.
[2] The two-year statute of limitations lapsed on February 28, 2002.