OPINION
{¶ 1} On May 28, 2004, appellant, Leo Emmert, filed a complaint against his son, appellee, Brent Emmert, claiming misappropriation of funds and goods, unpaid services rendered, misappropriation of state permit of plaintiff, conversion, fraudulent transfers and breach of contract. Said claims involved a power of attorney appellant had given to appellee due to pending criminal charges against appellant. On July 2, 2004, appellee filed an answer and counterclaim.
 {¶ 2} On May 3, 2005, appellee filed a motion for summary judgment on appellant's complaint. By entry filed June 1, 2005, the trial court granted summary judgment to appellee. On July 13, 2005, appellee voluntarily dismissed his counterclaim and withdrew a previously filed motion for sanctions. On January 13, 2006, the trial court filed an entry granting further summary judgment to appellee, finding appellee to be the owner of two wells, the Trimmer Well and the Emmert Well.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "IT WAS PREJUDICIAL ERROR AS THE TRIAL COURT LACKED JURISDICTION TO ISSUE AN ENTRY ON JANUARY 13, 2006 AS PLAINTIFF'S CLAIMS WERE DISMISSED PURSUANT TO A SUMMARY JUDGMENT FINDING BY THE TRIAL COURT ON JUNE 1, 2005 AND DEFENDANT DISMISSED HIS COUNTER CLAIMS AND WITHDREW AND DISMISSED THE MOTION FOR SANCTIONS ON JULY 12, 2005."
 II {¶ 5} "THE TRIAL COURT LACKED JURISDICTION TO GRANT FURTHER CLAIMS OF THE PARTIES AS THE TRIAL COURT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DISMISSING ALL CLAIMS OF PLAINTIFF AND DEFENDANT/APPELLEE DISMISSED ALL HIS COUNTER CLAIMS AND MOTION FOR SANCTIONS ON JULY 12, 2005 AND THE TRIAL COURT GRANTED DEFENDANT'S MOTION DISMISSING ALL COUNTER CLAIMS AND MOTION FOR SANCTIONS ON JULY 13, 2005."
 I, II {¶ 6} Appellant claims the trial court erred in filing the January 13, 2006 entry granting further summary judgment to appellee because appellant's claims had been dismissed and therefore the trial court lacked jurisdiction to amend his previous entry of June 1, 2005. We agree.
 {¶ 7} The gravamen of this appeal is the power of a trial court to amend a previous order granting summary judgment after the case has been dismissed in toto. In the case sub judice, did the trial court have jurisdiction to amend its June 1, 2005 entry to render a determination on the ownership of the Trimmer and Emmert Wells?
 {¶ 8} Appellee succeeded in having appellant's claims dismissed under the expiration of the statute of limitations. In its entry filed June 1, 2005, the trial court granted summary judgment to appellee without making any specific finding as to the wells. The trial court's January 13, 2006 entry included the following language:
 {¶ 9} "Accordingly, Defendant Brent R. Emmert is the owner of the Trimmer Well (Permit #5133) and the Emmert Well (Permit #5137), as that term is defined in Revised Code § 1509.01 (K), including all hardware and equipment associated with those wells."
 {¶ 10} We note appellee voluntarily dismissed his counterclaim on July 13, 2005, six months prior to the trial court's entry of January 13, 2006. The voluntary dismissal closed the case because all of appellant's claims had been dismissed via the June 1, 2005 ruling on appellee's motion for summary judgment.
 {¶ 11} No where in appellee's counterclaim or in the motion for summary judgment did appellee request a determination of the ownership of the Trimmer and Emmert Wells. In appellant's complaint, he claimed the wells were illegally transferred by appellee unto himself. See, May 28, 2004 Complaint at Count 3, ¶ 9. In the prayer for relief, appellant sought an order for "Defendant to cease all oil and gas lease business that was, is and should belong to the Plaintiff."[1].
 {¶ 12} The effect of the summary judgment granted to appellee was to extinguish all of appellant's claims because they were barred under the statute of limitations. There was no determination as to the validity of the power of attorney from appellant to appellee and the legality of the January 15, 1992 recording of the assignment of the well interests. See, Defendant's May 3, 2005 Motion for Summary Judgment at Exhibit 12, Assignment of Working Interest dated September 25, 1991.[2].
 {¶ 13} By operation of law, appellant's rights to challenge the assignment no longer exists because of his failure to contest on appeal the summary judgment ruling on the statute of limitations issue. In addition, because the counterclaim was voluntarily dismissed prior to the filing of the January 13, 2006 entry, the trial court was divested of jurisdiction. By dismissing the counterclaim, the total case was dismissed and the trial court lacked jurisdiction on the subject matter of the ownership of the wells.
 {¶ 14} "Civ.R. 41(A)(1)(a) permits a plaintiff to dismiss his action without order of the court any time before the commencement of trial unless a counterclaim that cannot remain pending for independent adjudication has been served by the defendant. Dismissals under Civ.R. 41(A)(1)(a) are self-executing. Selker Furber v. Brightman (2000),138 Ohio App.3d 710, 714, 742 N.E.2d 203; Andrews v. Sajar Plastics,Inc. (1994), 98 Ohio App.3d 61, 66, 647 N.E.2d 854. Thus, ` * * * the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court.' Payton v.Rehberg (1997), 119 Ohio App.3d 183, 191, 694 N.E.2d 1379. See, also,Clay Hyder Trucking Lines, Inc. v. Riley (1984), 16 Ohio App.3d 224,225, 475 N.E.2d 183, citing Standard Oil Co. v. Grice (1975),46 Ohio App.2d 97, 101, 345 N.E.2d 458 ('The plain language of Civ.R. 41(A)(1)(a) gives plaintiff an absolute right to terminate his cause of action voluntarily and unilaterally at any time prior to commencement of trial.')" Wheeler v. The Ohio State University Medical Center, Scioto App. No. 03CA2922, 2004-Ohio-2769, at ¶ 15.
 {¶ 15} In his July 2, 2004 counterclaim, appellee asserted he was the lawful owner of the wells (Count 1, ¶ 2), but he never requested a determination by the trial court regarding ownership. By forestalling the trial court from the trial of the counterclaim by filing the voluntary dismissal, appellee abandoned his right to a judicial declaration of the ownership of the wells.
 {¶ 16} Upon review, we find the trial court erred in filing the January 13, 2006 entry regarding ownership of the wells.
 {¶ 17} Assignments of Error I and II are granted.
 {¶ 18} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby reversed.
[1] We note this was the second filing of a complaint by appellant as the first complaint (Case No. 02CV00276) was voluntarily dismissed on October 14, 2003.
[2] In his response to the motion for summary judgment, appellant denied signing the assignment and claimed he first knew of the assignment in 2002.
By Farmer, J.
Wise, P.J. and
Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is hereby reversed.