MEMORANDUM OPINION
{¶ 1} On March 27, 2008, appellant, John Puntel, filed a notice of appeal from a March 7, 2008 judgment entry of the Chardon Municipal Court.
 {¶ 2} In the March 7, 2008 entry, the magistrate denied appellant's motion to quash subpoena. It is from that entry that appellant filed his notice of appeal. *Page 2 
 {¶ 3} Subsequently, on April 1, 2008, the record reveals that plaintiff-appellee, William W. Bridge, III, filed a notice of dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a) with the trial court.
 {¶ 4} Since dismissals under Civ.R. 41(A)(1)(a) are self-executing and are fully and completely effectuated upon the filing of a notice of voluntary dismissal by plaintiff, the filing of the notice of dismissal automatically terminates the case without intervention by the court.Selker Furber v. Brightman (2000), 138 Ohio App.3d 710, 714.
 {¶ 5} In Wilson v. Vaccariello, 11th Dist. No. 2007-L-046,2007-Ohio-2688, at ¶ 7-8, this court recently stated:
 {¶ 6} "In Gruenspan v. Thompson (Oct 12, 2000), 8th Dist. No. 77276, 2000 Ohio App. LEXIS 4783, 2000 WL 1514357, at 2, the Eighth Appellate District stated:
 {¶ 7} "`A voluntary dismissal by a plaintiff operates to nullify the claims brought against the dismissed party and leaves the parties as if the action was never filed. * * *, citing Denham v. New Carlisle (1999),86 Ohio St.3d 594, 596 * * *.'"
 {¶ 8} In the case at bar, on March 7, 2008, the magistrate denied appellant's motion to quash subpoena. Thereafter, on March 27, 2008, appellant filed a notice of appeal. Subsequently, on April 1, 2008, plaintiff-appellee filed a notice of dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a). Specifically, plaintiff-appellee's notice of dismissal stated that:
 {¶ 9} "Plaintiff, William W. Bridge III, hereby gives notice of dismissal of this matter WITHOUT PREJUDICE, pursuant to Ohio Rules of Civil Procedure, Rule 41(A),(1),(a)." (sic.) *Page 3 
 {¶ 10} Based on the foregoing language contained in the notice of dismissal, plaintiff-appellee voluntarily dismissed "this matter." Therefore, because plaintiff-appellee dismissed his entire case pursuant to Civ.R. 41(A)(1)(a) in the trial court, this court lacks jurisdiction to consider the appeal.
 {¶ 11} Accordingly, this appeal is dismissed, sua sponte, due to lack of jurisdiction.
 {¶ 12} Appeal dismissed.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur. *Page 1