MORGAN STANLEY DEAN WITTER COMMERCIAL
FINANCIAL SERVICES, INC., et al.

v.

SUTULA, Judge.

[Cite as *Morgan Stanley Dean Witter Commercial Fin. Servs., Inc. v. Sutula*, 185 Ohio App.3d 152, 2009-Ohio-6109.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93156.

Decided Nov. 16, 2009.

Ulmer & Berne, L.L.P., Ronald H. Isroff, and Natalie M. Hostacky, for relators.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for respondent.

ANN DYKE, Judge.

{¶ 1} Relators [1] are defendants in *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs., Inc.,* Cuyahoga County Court of Common Pleas case No.

---

1. The relators are Morgan Stanley Dean Witter Commercial Financial Services, Inc. ("Morgan Stanley"); Dean Witter Reynolds, Inc. ("Dean Witter"); Linda Cain; Timothy Adkins; George Kolar; and Cindy Deleo.

CV–502459, which has been assigned to respondent, Judge John Sutula. The plaintiff in case No. CV–502459, Bruce W. Marks, had been an employee of Morgan Stanley's predecessor, Dean Witter. In case No. CV–502459, Marks asserted various employment-related claims.

{¶ 2} In *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs., Inc.,* Cuyahoga App. No. 88948, 2008-Ohio-1820, 2008 WL 1747224, Morgan Stanley and the other defendants appealed the ruling of the court of common pleas that Marks was not bound by any arbitration provision. This court held that Marks "had no choice but to arbitrate all of his claims (with one exception as discussed below) * * * against Morgan Stanley." Id. at ¶ 87. This court further observed: "We agree with Marks that he does not have to arbitrate his employment discrimination claim." Id. at ¶ 88. The parties to this action do not dispute that the only claim before the court of common pleas after this court's decision in case No. 88948 was the employment-discrimination claim.

{¶ 3} Respondent scheduled case No. CV–502459 to go to trial on April 20, 2009. On April 9, 2009, counsel for Marks filed "plaintiff's notice of voluntary dismissal without prejudice." The body of the notice of dismissal states, in part, that plaintiff "Marks by and through undersigned counsel * * * hereby gives notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A) of his discrimination claim."

{¶ 4} When relators filed the complaint in this action, they also filed an application for an alternative writ. This court issued an alternative writ of prohibition preventing respondent from proceeding in case No. CV–502459 until further order of this court. In the same journal entry, this court gave the parties leave to file briefs regarding the application for alternative writ and requested that the parties argue whether *Pattison v. W.W. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, and *Dohme v. Eurand Am., Inc.,* 121 Ohio St.3d 277, 2009-Ohio-506, 903 N.E.2d 1174, are applicable to this action.

{¶ 5} Respondent filed a motion for summary judgment in which he also opposed the application for alternative writ. Relators filed a brief in opposition to the motion for summary judgment in which they also replied to respondent's brief in opposition to the application for alternative writ. Relators did not, however, file a dispositive motion. For the reasons stated below, we deny respondent's motion for summary judgment and enter judgment for relators.

{¶ 6} The criteria for the issuance of a writ of prohibition are well established. "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686

N.E.2d 267, 268." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 185, 718 N.E.2d 908. If, however, the respondent court is patently and unambiguously without jurisdiction, the relator need not demonstrate the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶ 15.

{¶ 7} Relators argue that the filing of the notice of voluntary dismissal by Marks's counsel divested respondent of jurisdiction to proceed in case No. CV–502459. "[W]hen * * * a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. See [*State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 656 N.E.2d 1288], citing *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107, and *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100." *State ex rel. Northpoint Properties, Inc. v. Markus*, Cuyahoga App. No. 82848, 2003-Ohio-5252, 2003 WL 22251711, at ¶ 19.

{¶ 8} Respondent, however, observes that in *Pattison*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, the Supreme Court held "that when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant." *Pattison* at ¶ 1. See also *Dohme*, 121 Ohio St.3d 277, 2009-Ohio-506, 903 N.E.2d 1174. Respondent also notes that Marks asserted several claims against relators as defendants in case No. CV–502459. He argues, therefore, that Marks's filing of a notice of voluntary dismissal of the employment-discrimination claim did not affect dismissal of case No. CV–502459. As a consequence, he contends that he retained jurisdiction over the underlying case and had the authority to proceed to trial.

{¶ 9} Respondent argues that case No. CV–502459 is comparable to the underlying cases in *Pattison* and *Dohme*, in which the trial courts had granted summary judgment on fewer than all of the claims and the plaintiffs filed Civ.R. 41(A) notices of voluntary dismissal to dismiss certain claims but *not* to dismiss a party.

{¶ 10} Respondent's argument ignores, however, that the trial courts in *Pattison* and *Dohme* had the authority to adjudicate all the claims filed in the underlying cases. In case No. 88948, however, this court held that Marks must arbitrate all his claims, except the employment-discrimination claim. Necessarily, the holding in case No. 88948 limited respondent's authority in case No. CV–502459 to adjudicating Marks's employment-discrimination claim. As a conse-

quence, Marks's voluntary dismissal of his "discrimination claim" dismissed the entire matter pending before respondent. The effect of the filing of the notice of voluntary dismissal, therefore, was to divest respondent of jurisdiction. In light of the authority cited in *Northpoint Properties*, relief in prohibition is appropriate.

{¶ 11} Respondent also observes that on April 10, 2009—the day after the filing of the notice of voluntary dismissal, Marks went to respondent's chambers, spoke with respondent's staff attorney, and indicated that "he did not agree to voluntarily dismiss his claim." Marks also mailed to respondent a copy of an April 1, 2009 letter that Marks sent to his counsel instructing counsel "that you are **not** authorized to dismiss the above captioned case." On April 17, 2009, Marks filed a motion to clarify the record, attached to which was a copy of his April 1 letter to counsel. Marks requested that trial in case No. CV–502459 go forward on April 20.

{¶ 12} Respondent argues that the court of common pleas had the jurisdiction and inherent authority to inquire into the circumstances in light of Marks's communications regarding his instructions to counsel.

{¶ 13} "Dismissals pursuant to Civ.R. 41(A)(1) are fully and completely effectuated upon the filing of a notice of voluntary dismissal by the plaintiff. A voluntary dismissal is self-executing and 'the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court.' *Payton v. Rehberg* (Cuyahoga, 1997), 119 Ohio App.3d 183, 192, 694 N.E.2d 1379. Since a Civ.R. 41(A)(1)(a) dismissal is self-executing, 'the trial court's discretion is not involved in deciding whether to recognize the dismissal.' [*Selker & Furber v. Brightman* (2000), 138 Ohio App.3d 710, 714, 742 N.E.2d 203.] Moreover, when a Civ.R. 41(A)(1)(a) dismissal is filed, the time-stamped date on that document is controlling, not a subsequent court entry. See *Blankenship v. CRT Tree*, Cuyahoga App. No. 80907, 2002-Ohio-5354 [2002 WL 31195215]. Nor can the court's subsequent actions affect a self-executing dismissal." *Parker v. Cleveland Pub. Library*, Cuyahoga App. No. 83666, 2004-Ohio-4492, 2004 WL 1902549, at ¶ 16.

{¶ 14} Respondent contends that the apparent conflict between Marks and his counsel presents unusual circumstances. Yet respondent has not provided this court with any controlling authority that would limit the effect of the filing of the notice of voluntary dismissal. Likewise, respondent has not refuted the holding of *Northpoint Properties* that prohibition lies to prevent a trial court from proceeding after the voluntary dismissal of a case. We must hold, therefore, that respondent was patently and unambiguously without jurisdiction to proceed in case No. CV–502459 after Marks's counsel filed the notice of voluntary dismissal of the sole claim before the court of common pleas.

{¶ 15} As noted above, relators have not filed a dispositive motion. All of the relevant evidence is before this court, however, and there is no genuine issue of material fact. As a consequence, we enter judgment for relators. See *Tisdale v. A–Tech Automotives Mobile Serv. & Garage*, Cuyahoga App. No. 92825, 2009-Ohio-5382, 2009 WL 3234179.

{¶ 16} Accordingly, respondent's motion for summary judgment is denied and we enter judgment for relators. Respondent to pay costs. The alternative writ issued on April 20, 2009 is vacated. By this journal entry and opinion, this court enters a permanent writ of prohibition. Respondent is prohibited from further proceedings to adjudicate the employment-discrimination claim in *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs., Inc.*, Cuyahoga County Court of Common Pleas case No. CV–502459. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ allowed.

GALLAGHER, P.J., and JONES, J., concur.

