[Cite as *Discover Card v. Loncar*, 2012-Ohio-4113.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DISCOVER BANK | ) | CASE NO. 11 MA 47 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| PATRICIA LONCAR | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 10 CV 438

JUDGMENT:                    Dismissed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Randi L. Nine
                             Thomas & Thomas
                             629 Euclid Avenue, Suite 740
                             Cleveland, Ohio 44114

For Defendant-Appellant:      Atty. Thomas N. Michaels
                             839 Southwestern Run
                             Youngstown, Ohio 44514

JUDGES:

Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Frank D. Celebrezze of the Eighth District Court of Appeals Sitting by
Assignment

                             Dated: September 7, 2012

[Cite as *Discover Card v. Loncar*, 2012-Ohio-4113.]
PER CURIAM.

{¶1} Defendant-appellant Patricia Loncar appeals the decision of the Mahoning County Common Pleas Court granting plaintiff-appellee Discover Bank's Civ.R. 60(B) motion for relief from Discover Bank's Civ.R. 41(A)(1)(a) notice of voluntary dismissal without prejudice.

{¶2} Two issues are raised in this appeal. First, whether the trial court appropriately granted the Civ.R. 60(B) motion. The second is whether the trial court's Civ.R. 60(B) ruling is a final appealable order.

{¶3} For the reasons expressed below, the trial court had no authority to vacate Discover Card's notice of voluntary dismissal. The Ohio Supreme Court has held that Civ.R. 41(A)(1)(a) notice of voluntary dismissal divests the trial court of jurisdiction and that Civ.R. 41(A)(1) is typically not an adjudication on the merits and, as such, Civ.R. 60(B) has no application. That said, the trial court's February 22, 2011 order of vacation is not a final appealable order under R.C. 2505.02(B)(3). Thus, although the trial court clearly erred in issuing its February 22, 2011 order, the appeal is dismissed because we lack jurisdiction to issue a ruling on a non-final order.

### Statement of Case

{¶4} On February 5, 2010, Discover Bank filed a complaint for breach of contract against Loncar. Discover Card alleged that it issued a card to Loncar, she used the card, and she has failed to make the minimum monthly payments. Discover Card requested judgment against Loncar for the present balance on the card, $15,555.13, plus interest at the statutory rate.

**{¶5}** Loncar filed an answer with defenses. The case proceeded with discovery. Discover Card then filed a motion for summary judgment. 09/09/10 Motion. Prior to the motion being ruled on, Discover Card filed a Civ.R. 41(A)(1)(a) Notice of Dismissal. 01/19/11 Notice. The notice informed the court that it was voluntarily dismissing the action without prejudice because it had been notified that Loncar filed bankruptcy. 01/19/11 Notice. Two weeks later, Discover Card filed a motion to vacate the dismissal. 02/02/11 Motion. The motion stated that due to a clerical error Discover Card incorrectly stated that Loncar filed for bankruptcy when in fact she had not filed for bankruptcy protection. 02/02/11 Motion. Thus, Discover Card requested that the case be returned to the active docket. 02/02/11 Motion. The trial court granted the motion. 02/22/11 J.E.

**{¶6}** Loncar timely appeals that decision. After Loncar filed her brief, Discover Card filed a brief and a motion to dismiss the appeal for lack of a final appealable order. 09/28/11 Brief and Motion. On October 21, 2011, we issued a judgment entry indicating that the motion to dismiss for lack of a final appealable order will be addressed and incorporated into our opinion.

### Assignment of Error

The trial court abused its discretion in granting Plaintiff-appellees' motion to vacate Plaintiff-appellee's notice of dismissal filed on January 19, 2011.

**{¶7}** Loncar contends that the trial court incorrectly vacated the voluntary dismissal. Discover Card asserts that we lack jurisdiction over this appeal because

the trial court's order vacating the dismissal is not a final appealable order. Alternatively, it argues that if it was a final appealable order any error in vacating the dismissal is harmless.

**{¶8}** Our analysis will begin with whether the order appealed from is a final appealable order.

**{¶9}** Discover Card voluntarily dismissed the action under Civ.R. 41(A)(1)(a). That provision provides:

**(A) Voluntary dismissal: effect thereof**

*(1) By plaintiff; by stipulation.* Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

* * *

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." (Emphasis in original.)

Civ.R. 41(A)(1)(a).

**{¶10}** Both parties agree that the voluntary dismissal was without prejudice and as such not an adjudication on the merits; Discover Card had not previously dismissed the action and the statute of limitations had not expired.

**{¶11}** Following the notice of dismissal, Discover Card filed a motion to vacate. The trial court granted that motion. 2/22/11 J.E.

**{¶12}** R.C. 2505.02(B)(3) provides that an order vacating a "judgment" is a final appealable order. Clearly, the February 22, 2011 order is a vacation order of a Civ.R. 41(A)(1) voluntary dismissal. However, in order to be a final appealable order, the February 22, 2011 order was required to vacate a judgment. Thus, the Civ.R. 41(A)(1) voluntary dismissal must constitute a judgment in order for there to be a final appealable order before us.

**{¶13}** A notice of voluntary dismissal does not constitute a judgment by the court. Rather, it is a notice made by a party. It has been explained that dismissals under Civ.R. 41(A)(1)(a) are self-executing. *Selker & Furber v. Brightman*, 138 Ohio App.3d 710, 714, 742 N.E.2d 203 (8th Dist.2000). Thus, no judgment by the court is required. The mere filing of the notice of voluntary dismissal by the plaintiff automatically terminates the case without intervention by the court. *Id.* In fact, if a court does acknowledge the dismissal by an order, the dismissal is not deemed effective upon the acknowledgment of the dismissal, but rather is effective upon the filing of the notice. *Holschuh v. Newcomb*, 11th Dist. No. 2010-T-0129, 2011-Ohio-6205; *Thornton v. Montville Plastics & Rubber, Inc.,* 11th Dist. No.2006-G-2744, 2007-Ohio-3475, ¶ 3. Thus, action of the court through a judgment is not required.

As such, the notice, at least in this instance where no prejudice results, does not constitute a judgment.

{¶14} Therefore, since the February 22, 2011 order was not vacating a "judgment", R.C. 2505.02(B)(3)'s requirements are not met.

{¶15} In further support of this rationale is the Ohio Supreme Court's recent decision in *State ex rel. Engelhart v. Russo*, 131 Ohio St.3d 137, 2012-Ohio-47. In the underlying case in *Engelhart*, the trial court was going to grant summary judgment for the school district. Engelhart's counsel became aware of this and prior to the summary judgment order being entered on the docket, counsel for Engelhart filed a notice of voluntary dismissal without prejudice. The school district moved to strike the notice of dismissal and moved for sanctions. The trial court granted the motion to strike and held that its granting of summary judgment was a final appealable order. Sanctions were also ordered.

{¶16} Engelhart then filed a complaint in the appellate court for a writ of prohibition to prevent the trial court from exercising jurisdiction and further proceedings in the underlying case. Engelhart also sought a writ of mandamus ordering the trial court to vacate its order that struck the notice of dismissal, to vacate all orders that were issued after that notice of dismissal and to reinstate the notice of dismissal. The appellate court denied the writs. That decision was then appealed to the Ohio Supreme Court.

{¶17} The Ohio Supreme Court reversed the appellate court's decision. It found that the notice of voluntary dismissal was filed prior to the clerk of courts entering the summary judgment order on the journal. *Id.* at ¶ 22. Thus, it held that

the trial court lacked jurisdiction to enter orders after the case had been dismissed voluntarily by Engelhart because the voluntary dismissal extinguished the trial court's jurisdiction over the case, i.e. the trial court patently lacked jurisdiction. *Id.* at ¶ 14-16, 26. Consequently, the Court determined that a writ of prohibition should have been granted to prevent the trial court from further acting in the underlying case and that a writ of mandamus should also have been granted to order the trial court to vacate its order striking the notice of voluntary dismissal and to also order the trial court to reinstate the notice of dismissal. *Id.* at ¶ 26.

**{¶18}** Writs of prohibition and mandamus are warranted when there is not an adequate remedy at law. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 178, 631 N.E.2d 119 (1994), (stating requirements for a writ of prohibition); *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983), (stating requirements for a writ of mandamus). Thus, when the Ohio Supreme Court found that the writs should have been granted it was acknowledging that there was no adequate remedy at law, i.e. a decision vacating a Civ.R. 41(A) voluntary dismissal is not a final appealable order that can be reviewed by the appellate court.

**{¶19}** Consequently, considering the above, the February 22, 2011 order vacating the Civ.R. 41(A) voluntary dismissal is not a final appealable order. The means Loncar should have used to attack that decision was through writs of mandamus and prohibition.

**{¶20}** Although we lack jurisdiction to render a ruling on whether the trial court erred in vacating the voluntary dismissal, in the interests of justice we take this

opportunity to explain, in dicta, that the trial court lacked the authority to vacate the voluntary dismissal.

**{¶21}** Civ.R. 60 is divided into two parts. Section (A) permits the trial court to correct clerical mistakes in its judgment. Discover Card claimed in its motion to vacate that it made a clerical mistake in dismissing because Loncar had not actually filed for bankruptcy protection. Within the context of Civ.R. 60(A), a "clerical mistake" is "a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *Paris v. Georgetown Homes, Inc.,* 113 Ohio App.3d 501, 503, 681 N.E.2d 475 (9th Dist.1996), quoting *Dentsply Internatl., Inc. v. Kostas,* 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985). Discover Card's mistake does not fall under that definition of clerical mistake. Thus, Civ.R. 60(A) does not apply to it.

**{¶22}** Section (B) of Civ.R. 60 allows for relief from a *final judgment* if certain qualifications can be met. The Ohio Supreme Court has clearly stated that since a dismissal pursuant to Civ.R. 41(A)(1)(a) does not typically operate as an adjudication on the merit, a dismissal pursuant to that rule is typically not a final judgment within the meaning of Civ.R. 60(B). *Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St. 3d 124, 129, 2009-Ohio-360, 902 N.E.2d 482, ¶ 24; *Hensley v. Henry*, 61 Ohio St.2d 277, 400 N.E.2d 1352 (1980), syllabus.

**{¶23}** Furthermore, when a Civ.R. 41 (A)(1) voluntary dismissal is not an adjudication on the merits, the trial court "patently and unambiguously lacks jurisdiction to proceed, and a writ * * * will issue to prevent the exercise of jurisdiction." *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771

N.E.2d 853, ¶ 22. "The plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims." *State ex rel. Fifth Third Mtge. Co. v. Russo,* 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17.

**{¶24}** Here, the dismissal without prejudice cannot be considered an adjudication on the merits. Discover Card admits that this dismissal was the first dismissal under Civ.R. 41(A) and that the statute of limitations has not run. Thus, Discover Card can re-file the action; no prejudice results from the dismissal. Therefore, Civ.R. 60 could not be used a means to vacate Discover Card's notice of voluntary dismissal. Moreover, given the above caselaw, the trial court clearly had no jurisdiction to rule on the Civ.R. 60(B) motion and erred when it granted said motion.

**{¶25}** In anticipation of that determination, Discover Card contends that any error committed in the granting of the Civ.R. 60(B) motion is harmless error. We disagree. Civ.R. 41(A) specifically provides that the first dismissal is without prejudice. However, if a second voluntary dismissal is filed on the same claims it operates as an adjudication on the merits. Civ.R. 41(A). Thus, res judicata would prevent the refiling of the claim for a third time. The problem with allowing Discover Card to vacate their notice of voluntary dismissal is that it allows for a circumvention of Civ.R. 41(A). Discover Card could now voluntary dismiss the action one more time and it would not be an adjudication on the merits. Voluntary dismissals should not be entered into lightly by either party. Furthermore, on the basis of bankruptcy protection, there was no need to voluntarily dismiss the case; Discover Card instead

of dismissing could have let the automatic stay provision of bankruptcy proceedings take effect.

## Conclusion

**{¶26}** Although the law is clear that the trial court erred in vacating the voluntary dismissal, we lack jurisdiction to issue such a holding. The appeal is hereby dismissed for lack of a final appealable order.

**{¶27}** Costs taxed against appellant.

Vukovich, J., concurs.

Waite, P.J., concurs.

Celebrezze, J., concurs.