[Cite as *Smith v. Wells*, 2024-Ohio-3243.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

CRAIG SMITH, ET. AL.,

    CASE NO. 17-24-01

    PLAINTIFFS-APPELLANTS,

  v.

JUDITH WELLS, ET. AL.,

    O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Shelby County Common Pleas Court
Trial Court No. 23CV000039

Judgment Affirmed

Date of Decision: August 26, 2024

APPEARANCES:

    *Royce A. Link* for Appellant

    *David C. Ahlstrom* for Appellee

**WALDICK, J.**

{¶1} Plaintiffs-appellants, Craig Smith and Evelyn Smith (collectively, "the Smiths"), bring this appeal from December 21, 2023 judgment of the Shelby County Common Pleas Court. On appeal, the Smiths argue that the trial court erred by denying their Civ.R. 60(B) motion. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On August 18, 2020, the Smiths were operating a vehicle in Shelby County that was struck by a vehicle being driven by Judith Wells ("Wells"). Wells was an employee of the Shelby Metropolitan Housing Authority ("SMHA"). On February 2, 2021, the Smiths filed a complaint against Wells, SMHA, and others.

{¶3} On February 23, 2022, the Smiths filed a Civ.R. 41 notice of voluntary dismissal of their entire case, without prejudice.

On February 17, 2023, the Smiths timely refiled a new action naming Wells and the Ohio Department of Medicaid as defendants. SMHA was not named as a defendant.

{¶4} On November 7, 2023, the Smiths filed a "motion for relief from judgment" pursuant to Civ.R. 60(B)(2) and (B)(3), seeking leave to re-file their complaint against SMHA. The Smiths were endeavoring to use Civ.R. 60(B) as the means to vacate their voluntary dismissal of SMHA. The Smiths argued that they

had uncovered a witness who indicated that at the time Wells crashed into the Smiths' vehicle, she may have been carrying an SMHA check addressed to a contractor. The Smiths contended that this "newly discovered evidence" suggested that Wells was acting in the course of her employment at the time of the collision.[1]

**{¶5}** On December 21, 2023, the trial court filed a judgment entry denying the Smiths' motion for relief from judgment. The trial court reasoned that the Smiths were reasserting the same claim against SMHA they had made in their original dismissed action. Then, the trial court stated:

> [The] Smiths have provided no authority to this court to suggest that the statute of limitations could be tolled or extended by newly discovered evidence.
>
> This court agrees with the position of Metropolitan Housing that Smiths had, pursuant to R.C. 2305.19, the right to renew their complaint against Metropolitan Housing within one year of the voluntary dismissal of the original action that included Metropolitan Housing. Smiths did not do so. Metropolitan Housing argues, and this court agrees, that an action against Metropolitan Housing is time barred by the failure to renew an action against Metropolitan Housing within one year of the date of the Civ.R. 41 dismissal.

(Doc. No 73).

**{¶6}** It is from this judgment that the Smiths appeal, asserting the following assignments of error for our review.

---

[1] We note that at the time the Smiths filed their Civ.R. 60(B) motion, the trial court had already ruled on a summary judgment motion in the refiled case. Further, on January 12, 2024, pursuant to an "Agreed Entry of Dismissal with Prejudice," the Smiths settled with Medicaid and Judith Wells.

**First Assignment of Error**

**The trial court erred by failing to properly address Appellants claims that they were entitled to relief from judgment under Civ.R. 60(B).**

**Second Assignment of Error**

**The trial court erred by failing to address Appellants argument that they were entitled to relief from judgment pursuant to Civ.R. 60(B)(3).**

**Third Assignment of Error**

**The trial court erred by failing to grant a hearing on Appellants' motion for relief from judgment.**

**Fourth Assignment of Error**

**The trial court erred by finding that the claim was time barred as the statute of limitations can be extended by equitable tolling.**

{¶7} Prior to addressing any issues raised by appellants, we must address a jurisdictional issue as it is dispositive of this matter.

{¶8} Civil Rule 60(B) provides a mechanism for parties to obtain relief from a "final judgment." However, the Supreme Court of Ohio has clearly stated that a dismissal pursuant to Civ.R. 41(A) does not typically operate as an adjudication on the merits, and thus is not a final judgment within the meaning of Civ.R. 60(B). In *Hensley v. Henry*, 61 Ohio St.2d 277, 279 (1980), the Supreme Court of Ohio held:

> Civ.R.60(B) is restrictive in that it permits the court to grant relief only from certain "final judgment(s), order(s), or proceeding(s)." . . .

> Under Civ.R.41(A)(1), plaintiff's notice of dismissal does not operate "as an adjudication upon the merits" because plaintiff had not previously "dismissed in any court, an action based on * * * the same claim," and because the notice of dismissal did not "otherwise" state that it should so operate. As such, it is not a final judicial determination from which Civ.R.60(B) can afford relief.

(Internal footnotes removed). In *Hensley*, the Supreme Court of Ohio held that a trial court erred by granting a Civ.R. 60(B) motion where a party had previously voluntarily dismissed a claim under Civ.R. 41(A)(1)(a). Explained differently, "The plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 2011-Ohio-3177, ¶ 17.

**{¶9}** Here, the voluntary dismissal filed by the Smiths was without prejudice and cannot be considered an adjudication on the merits. *Hensley*; *Discover Bank v. Loncar*, 2012-Ohio-4113, ¶ 24; *Huntington Natl. Bank v. Molinari*, 2012-Ohio-4993, ¶ 25 (6th Dist.); *Homecomings Financial Network, Inc. v. Oliver*, 2003-Ohio-2668, ¶¶ 8-9 (1st Dist.). Therefore, the trial court lacked jurisdiction to entertain the Civ.R. 60(B) motion. *Id*. As the trial court had no jurisdiction to entertain the Civ.R. 60(B) motion, all of the Smiths' assignments of error are overruled.

**{¶10}** Although the trial court denied the Smiths' motion rather than dismissing it, the ultimate result is still the same—the Smiths cannot reopen the case

that they voluntarily dismissed. Thus we affirm the judgment of the trial court to reject the motion, albeit for different reasons.

*Conclusion*

**{¶11}** Having found no error prejudicial to the Smiths in the particulars assigned and argued, their assignments of error are overruled and the judgment of the trial court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlm**